UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE GAY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MARISCOS EL PULPO II, INC., dba MARISCOS EL PULPO; SHEA MERCADO B, LLC,<br><br>　　　　　　　　Defendants. | Case No.: 19cv256-WQH(KSC)<br><br>**ORDER IMPOSING SANCTIONS AS TO MICHAEL A. TAIBI, ESQ.** |

　　　Plaintiff's counsel, Michael A. Taibi, Esq., was directed to show cause why sanctions should not be imposed for his failure to timely appear for the Early Neutral Evaluation Conference ("ENE") that was held on June 10, 2019, at 2:30 p.m. [Doc. No. 22.] Declarations responsive to the Court's Order to Show Cause ("OSC") were filed by Mr. Taibi and counsel for defendants, Bruno W. Katz, Esq. [Doc. Nos. 23 & 24.] A hearing was held on June 28, 2019, but Mr. Taibi failed to appear or to notify the Court of his inability to do so. The hearing was, therefore, continued, and the Court issued a second OSC directing Mr. Taibi to show cause as why sanctions should not be imposed pursuant to CivLR 83.1 and the Court's inherent power for his failure to appear at the OSC hearing on June 28, 2019. [Doc. No. 26.] Mr. Taibi filed a second Declaration responsive to the second OSC. [Doc. No. 27.] A hearing was held on July 10, 2019, to

1

address both OSCs. Mr. Taibi appeared on behalf of himself and Mr. Katz appeared on behalf of defendants.

## I. OSC re: Failure to Timely Appear for ENE

The ENE for this case was initially scheduled to take place on April 22, 2019, however, that morning the Court received a call from Mr. Taibi's office in which it was represented that neither Mr. Taibi nor Mr. Gay were available to attend the ENE that day due to health issues. [Doc. Nos. 8 & 11.] At that time, the Court directed Mr. Taibi to file an *ex parte* application setting forth good cause to continue the ENE. He did so, and represented to the Court that he and his client would be available to attend a rescheduled ENE on or after May 10, 2019. [Doc. Nos. 12 & 14.] On May 7, 2019, the Court issued an Order resetting the ENE on June 10, 2019, at 2:30 p.m. [Doc. No. 15.] The Order states as follows in paragraph 2:

> All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, and ***the principal attorneys responsible for the litigation, must be present in person and legally and factually prepared to discuss settlement of the case***.

[Doc. No. 15, at p. 2 (emphasis added).]

On June 10, 2019, at approximately 2:15 p.m., the Court's Chambers received a call from an associate of Mr. Taibi, in which it was represented that Mr. Taibi would be 5-10 minutes late for the ENE. Plaintiff Lawrence Gay appeared for the ENE on time, as did Mr. Katz and defendants' representatives Mario Obeso and Alberto Macias. Mr. Taibi, however, did not report for the ENE until 3:25 p.m., nearly an hour after the scheduled start time. His explanation for the tardy appearance is that he appeared for an felony arraignment in an unrelated criminal case pending in San Diego Superior Court that was scheduled for 1:30 p.m. that day. That case is *The People of the State of California v. Joshua JayGorge Pasek*, CD282083, filed June 10, 2019. He says when he made the appearance in *Pasek*, he requested priority to be heard before other matters on calendar. Nonetheless, his appearance took longer than he expected and he was unable to

2

leave until the arraignment hearing concluded at approximately 3:10 p.m., which delayed his arrival for the ENE until 3:25 p.m. [Doc. No. 23.]

There was no ambiguity in the May 7, 2019, Order issued by this Court rescheduling the ENE. [Doc. No. 15.] It is clear that Mr. Taibi chose to handle an arraignment on June 10, 2019, well after he recieved the Order from this Court setting the ENE.[1] In doing so, he took the chance that he could finish with the arraignment early enough and still appear on time for the ENE Conference. He didn't. As a result, he inconvenienced the Court, Mr. Katz and his client representatives, and delayed the start of the ENE by nearly an hour. This is unacceptable.

Mr. Katz charged his clients 2.60 hours to attend the ENE, including the one hour spent waiting for Mr. Taibi's arrival. He also billed .3 hours to prepare his Declaration responsive to the first OSC, issued on June 13, 2019. At his hourly rate of $350 per hour, the fees incurred by his clients due to Mr. Taibi's delay total $455 (1.3 hours x $350). All

---

[1] During the OSC hearing held on July 10, 2019, the Court asked Mr. Taibi when he first learned the *Pasek* felony arraignment would proceed on June 10, 2019. Mr. Taibi represented that Mr. Pasek's felony arraignment was scheduled prior to May 7, 2019, the date on which the Court ordered the rescheduled ENE to proceed on June 10, 2019. Mr. Taibi's in-court representation on this issue is clearly false. The Superior Court Complaint filed in *Pasek*, a copy of which is attached to this Order, indicates the domestic violence incident on which the charges are predicated occurred on June 3, 2019, which begs the question as to how Mr. Taibi could have been aware of the felony arraignment before the subject incident even occurred. The obvious answer is he was not.

The Court is troubled by Mr. Taibi's in-court misrepresentation, but can not determine whether it was inadvertent, which is unacceptable, or intentional, which is inexcusable. The Court is entitled to rely on the lawyers who appear before it, as officers of the court, to not mislead the Court or assert invalid facts or positions. See CivLR 83.4.b; State Bar of California Rules of Professional Conduct, Chapter 8.4(c). Mr. Taibi failed in this regard. The Court will afford Mr. Taibi the benefit of the doubt and assume his misrepresentation was accidental but reminds Mr. Taibi he must use caution when communicating with the Court so as to ensure his representations are at all times candid and truthful.

of this should be borne by Mr. Taibi, as it was only incurred due to his failure to attend the ENE on time. Mr. Katz also reports his two client representatives incurred a total of $56 ($28 x 2) for parking costs related to attending the ENE. Some of portion of these costs would have been incurred irrespective of Mr. Taibi's actions, so the Court will apportion only half of this cost ($28) to Mr. Taibi. Based on the foregoing, no later than **July 24, 2019**, Mr. Taibi shall remit to defendants the sum of $483.00 as reimbursement for fees and costs incurred due to his tardy arrival for the ENE.

## II. Order to Show Cause re: Failure to Appear for OSC Hearing

Mr. Taibi again ran afoul of the Court's Orders when he failed to appear for the first OSC hearing on June 28, 2019. He explains he missed that appearance because a staff member inadvertently failed to calendar the appearance. [Doc. No. 27.]

While the Court, as a rule, is not unsympathetic to circumstances caused by human error, it cannot help being troubled by what appears to be a pattern with Mr. Taibi's timely attendance, or in this instance, any appearance, for the Court's hearings. He has indicated that he has now "implemented a safeguard… to avoid this sort of error in the future," however, the Court and staff still wasted precious judicial time and resources preparing for and waiting for Mr. Taibi, as well as in conducting a second OSC hearing after he failed to appear for the first one. Therefore, no later than **July 26, 2019**, Mr. Taibi shall remit the sum of $200.00 to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, Fund of the United States Treasury as renumeration for time spent by the Court and its staff in responding to and addressing Mr. Taibi's conduct.

**IT IS SO ORDERED.**

Dated: July 12, 2019

Hon. Karen S. Crawford
United States Magistrate Judge

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
# CENTRAL DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br>                                                 Plaintiff, <br> v. <br> JOSHUA JAYGORGE PASEK, <br>   dob 06/21/82, Booking No. 19734064A; <br>                                               Defendant | CT No. CD282083 <br> DA No. AEN031 <br><br> COMPLAINT-FELONY <br><br>  <br> INFORMATION <br><br> Date: _____ |



## PC296 DNA TEST STATUS SUMMARY

| Defendant | DNA Testing Requirements |
|---|---|
| PASEK, JOSHUA JAYGORGE | DNA sample has been previously provided |

## CHARGE SUMMARY

| Count | Charge | Issue Type | Sentence Range | Special Allegations | Allegation Effect |
|---|---|---|---|---|---|
| 1 | PC273.5(a) <br> PASEK, JOSHUA JAYGORGE | Felony | 2-3-4 | | |
| | PC1054.3 | | | INFORMAL REQUEST FOR DISCOVERY | |

The undersigned, certifying upon information and belief, complains that in the County of San Diego, State of California, the Defendant(s) did commit the following crime(s):

# CHARGES

## COUNT 1 - CORPORAL INJURY TO SPOUSE AND/OR ROOMMATE

On or about June 3, 2019, JOSHUA JAYGORGE PASEK did willfully and unlawfully inflict a corporal injury resulting in a traumatic condition upon Melissa Oliver, who was then and there a person with whom he/she is cohabiting, in violation of PENAL CODE SECTION 273.5(a).

---

NOTICE: Any defendant named on this complaint who is on criminal probation in San Diego County is, by receiving this complaint, on notice that the evidence presented to the court at the preliminary hearing on this complaint is presented for a dual purpose: the People are seeking a holding order on the charges pursuant to Penal Code Section 872 and simultaneously, the People are seeking a revocation of the defendant's probation, on any and all such probation grants, utilizing the same evidence, at the preliminary hearing. Defenses to either or both procedures should be considered and presented as appropriate at the preliminary hearing.

NOTICE: Any defendant named on this complaint who is on Mandatory Supervision in San Diego County is, by receiving this complaint, on notice that the evidence presented to the court at the preliminary hearing on this complaint is presented for a dual purpose: the People are seeking a holding order on the charges pursuant to Penal Code Section 872 and simultaneously, the People are seeking a revocation of the defendant's Mandatory Supervision pursuant to Penal Code Sections 1170(h)(5)(B) and 1203.2, on any and all such grants, utilizing the same evidence, at the preliminary hearing. Defense to either or both procedures should be considered and presented as appropriate at the preliminary hearing.

Pursuant to PENAL CODE SECTION 1054.5(b), the People are hereby informally requesting that defendant's counsel provide discovery to the People as required by PENAL CODE SECTION 1054.3.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER CD282083, CONSISTS OF 1 COUNT.

Executed at City of San Diego, County of San Diego, State of California, on June 10, 2019.

_____
COMPLAINANT

---

INFORMATION

SUMMER STEPHAN
District Attorney
County of San Diego
State of California
by:

_____
Date

_____
Deputy District Attorney